IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA ANN ALLEN | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 0079 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| IRMCO MANAGEMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Ann Allen, has filed a second amended complaint against defendant, Irmco Management Company, alleging that defendant evicted her from her apartment in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1) and (f)(2). Defendant has moved to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P, 12(b)(1), arguing that the complaint is barred by the *Rooker-Feldman* doctrine and *res judicata,* and for failure to state a claim under Fed. R. Civ. P 12(b)(6). For the reasons discussed below, the motion is granted.

## FACTS

The facts alleged in the second amended complaint are taken as true for purposes of the instant motion. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Since at least July 2005 plaintiff has suffered from a condition that affects her mental health and causes disconnected thinking and memory loss. In July 2005, plaintiff signed a two year lease agreement with defendant to run from September 2005 through August 2007. Plaintiff and defendant's employee agreed that plaintiff would prepay the first year of rent and then pay again in September 2006. On July 26, 2005, plaintiff tendered a check, which defendant cashed, for $19,783.00 as payment for rent from September 2005 through August 31, 2006.

In June 2006, Defendant's employee, Sue Saunders ("Saunders"), informed plaintiff that she was late on rent payments. Plaintiff informed Saunders and another employee of defendant that she had prepaid her entire first year of rent. Plaintiff offered to meet Saunders in the office of the Belden Stratford - the complex in which she lived - to discuss the lease agreement, but Saunders refused. In late spring 2006, plaintiff made several phone calls to defendant's employee Lynn Tipton to resolve the situation regarding her lease agreement. On September 13, 2006, Saunders contacted plaintiff's mother, Marian Allen, and informed her that plaintiff owed unpaid rent. The next day, September 14, 2006, Saunders told Marian Allen that plaintiff "seemed out of it" and had mental issues. On September 17, 2006, Marian Allen began making rent payments on plaintiff's apartment without plaintiff's knowledge or consent. Defendant accepted these payments. On October 24, 2006, Marian Allen informed Saunders that plaintiff had an appointment to see a psychiatrist. In February 2007, Marian Allen stopped making rent payments on plaintiff's apartment.

In February 2007 defendant replaced the keys to the apartments in the Belden Stratford building and failed to provide plaintiff with the new digital keys. Plaintiff was unable to enter the private residential area of the building without asking the doorman to let her in. In spring of 2007, defendant blocked the entrance to plaintiff's apartment with furniture and refused to perform repairs on the apartment. In March 2007, Saunders came to the plaintiff's door and told plaintiff she was again late on her rent payments. Saunders refused to meet with plaintiff in the office of the Belden Stratford to discuss the situation.

On March 28, 2007, in an action for forcible entry and detainer brought by defendant against plaintiff, the Circuit Court of Cook County found that plaintiff had failed to pay rent and defendant had properly terminated her tenancy. Enforcement was stayed until April 4, 2007.

In April 2007, plaintiff gave two blank checks to one of defendant's employees at the front desk of the Belden Stratford in an attempt to pay back the rent they claimed she owed. Defendant never cashed these checks or informed plaintiff of how much money she owed. Following the expiration of the stay, defendant placed the Circuit Court's Order for Possession with the Sheriff of Cook County for enforcement. On May 4, 2007, police officers entered plaintiff's apartment and removed all of plaintiff's personal property and evicted plaintiff pursuant to an eviction order obtained by defendant. During the eviction, plaintiff's cats were taken to a pound, one of which died within two weeks of the eviction from stress-related causes. Also during the eviction, plaintiff's personal property, valued at over $125,000, was thrown in a trash bin or otherwise destroyed.

After the eviction, plaintiff's lawyer moved the Circuit Court to quash service of process. The Circuit Court denied the motion and certified the matter for appeal. The Illinois Appellate Court denied plaintiff's petition. The Illinois Supreme Court also denied plaintiff leave to appeal.

## DISCUSSION

**The *Rooker-Feldman* Doctrine**

Defendant argues that plaintiff's complaint is barred by the *Rooker*-Feldman doctrine, which precludes lower federal courts from reviewing claims that were raised in, as well as "inextricably intertwined" with, state-court decisions. Dist. Of Columbia Ct. of Appeals v.

3

Feldman, 460 U.S. 462, 482-83 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). In the Seventh Circuit, the test for whether a claim is "inextricably intertwined" with a state court judgment is whether the alleged injury resulted from the judgment itself or is distinct from that judgment. Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996); *see* Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir. 1999) (holding that plaintiff's claims were not inextricably intertwined with the state court judgment, because the injuries occurred prior to and independent of the state court judgment). If the former, the federal court lacks subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional. Edwards v. Illinois Board of Admissions, 261 F.3d 723, 728-29 (7th Cir. 2001).

Recently, in Exxon Mobil v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court clarified that the *Rooker-Feldman* doctrine "precludes federal subject matter jurisdiction only when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." Holt v. Lake County Bd. Of Com'rs, 408 F.3d 335 (7th Cir. 2005) (citing Exxon Mobil, 544 U.S. at 281-82 (2005)). In the instant case, unlike in *Long*, plaintiff complains of injuries that took place after the state court issued its judgment and which arose from carrying out that judgment.

In addition, Exxon Mobil reiterated the "independent claim" exception to the *Rooker-Feldman* doctrine. 544 U.S. at 293 (2005). "If a federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" Id. (quoting GASH Assocs. v. Village of Rosemont,

4

995 F.2d 726, 728 (7th Cir. 1993)). A claim is considered "independent," however, only when there was no "reasonable opportunity" to raise the claim in the state court proceeding. Long, 182 F.3d at 558 (7th Cir. 1999). For example, no "reasonable opportunity" exists where "either some action taken by the state court or state court procedures in place have formed the barriers that the litigants are incapable of overcoming in order to present certain claims to the state court." Id.

In Illinois, only those claims or defenses that are germane to the right of possession may be raised in a forcible entry and detainer proceeding. People ex el. Dep't of Transp. v. Walliser, 629 N.E.2d 1189, 1194 (Ill. App. Ct. 1994). Claims seeking monetary damages and not possession are not germane to a forcible entry and detainer proceeding. Id. One category of issues that are germane includes "claims questioning the [state court] plaintiff's motivation for bringing the action." Id. Because plaintiff alleges that defendant evicted her and refused to allow her to enjoy the rights and privileges available under her lease because of her disability, the claim would be germane if plaintiff were seeking possession and could have raised it as a defense in the state action. See id. at 1196 (holding that a defense alleging a landlord's violation of federal housing regulations and seeking equitable relief was a defense germane to possession); South Austin Realty Ass'n. v. Sombright, 361 N.E.2d 795, 798 (Ill. App. Ct. 1977) (holding that a defendant in a forcible entry and detainer action may asserts defenses and counterclaims for equitable relief based on landlord's violation of federal housing law).

Because plaintiff's instant claim for violation of the Fair Housing Act seeks monetary damages and not possession, it would not have been considered germane to the forcible entry and detainer proceeding and is not barred unless it is seeking to invalidate or undo the effect of the state court's order. Maple Lanes, Inc. v. Messer, 186 F.3d 823, 825 (7th Cir. 1999). A

plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine or manufacture federal jurisdiction by labeling her claim a federal action and by seeking monetary damages. See id. (holding that the plaintiff could not seek to undo the effect of the revocation of its liquor license by collecting an amount in damages from the defendant, a local Sheriff, for the alleged violation of its constitutional rights equal to the monetary value of the license); Chambers v. Habitat Co., 68 Fed. App'x 711, 714-15 (7th Cir. 2003) (holding that the plaintiff's §1983 claim asserting that her due process rights were violated by the adjudication of a forcible entry and detainer proceeding via summary judgment instead of by a jury trial could not be heard before the federal court because, despite seeking monetary damages, it was seeking to invalidate the state court's judgment).

In the instant case, plaintiff seeks a declaration that her eviction violated the Fair Housing Act. In essence, plaintiff asks the court to review and reject the state court ruling. For this reason, plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.

*Res Judicata*

Even if *Rooker-Feldman* does not apply because, as plaintiff argues, the complaint alleges an independent claim, it is barred by *res judicata*. Although *Res judicata* is not ordinarily a defense that rule Fed. R. Civ. P. 12(b) permits to be made in a motion rather than in an answer, when an affirmative defense is disclosed in the complaint it may be raised in a Rule 12(b)(6) motion. Muhammad v. Oliver, 547 F.3d 874, 878 (7th Cir. 2008). To determine whether *res judicata* is disclosed in the complaint the court determines whether the facts that establish the defense are definitely ascertainable from the allegations of the complaint and other matters of which the court may take notice, and that these facts conclusively establish the

defense. In re Colonial Mortgage Bankers Corps., 324 F.3d 12, 20 (1st. Cir. 2003) (cited as an example in Muhammad, 547 F.3d at 878).

*Res judicata* applies when there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of parties or their privies; and (3) an identity of causes of action. Byrd v. Homecomings Fin. Network, 407 F. Supp. 2d 937, 944 (N.D. Ill. 2005); River Park Inc. v. City of Highland Park, 703 N.E.2d 883, 889 (Ill. 1998). *Res judicata* prohibits parties from relitigating issues that were decided in prior lawsuits "as well as any issues that could have been raised in the previous lawsuit." Byrd, 407 F. Supp. 2d at 944. "[S]eperate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." River Park, Inc., 703 N.E.2d at 893.

In the present case, the parties do not dispute that the federal and state actions involve an identity of parties and that the state court proceeding constituted a final judgment on the merits by a court of competent jurisdiction. They do, however, dispute whether the two cases have identical causes of action. The instant case and the state court proceeding arise out of the same group of operative facts. The forcible entry and detainer case dealt with the manner, content, and timing of defendant's attempts to serve notice of eviction and the propriety of it doing so. In the forcible entry and detainer proceeding, the plaintiff could have raised a defense or a counterclaim related to the motivation behind defendant bringing the suit, albeit for equitable relief. People ex el. Dep't of Transp., 629 N.E.2d at 1194. Plaintiff did not raise the issue of discrimination, although she could have, as a defense or a counterclaim under Article 3 of the Illinois Human Rights Act, 775 ILCS 5/3-101 *et seq.*, the Cook County Human Rights

7

Ordinance, Cook County Code §42-30 *et seq.*, or the Chicago Fair Housing Regulations, Chicago Mun. Code § 5-12-10 *et seq.*. Therefore plaintiff's claim is barred by the doctrine of *res judicata*.

### **CONCLUSION**[1]

For the reasons described above, defendant's motion to dismiss is granted.

**ENTER:** June 15, 2010

                                                   */s/ Robert W. Gettleman*
                                                   **Robert W. Gettleman**
                                                   **United States District Judge**

---

[1] In granting defendant's motion on these grounds this court does not reach the issue of whether the complaint failed to state a claim under the Fair Housing Act.